IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES J. DURKIN**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:22cv780 |
| | ) | **Electronic Filing** |
| **PENNSYLVANIA DEPARTMENT OF** | ) | |
| **LABOR AND INDUSTRY,** | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

Proceeding *pro se*, James J. Durkin (plaintiff") commenced this action against the Pennsylvania Department of Labor and Industry ("defendant" or "the department") seeking redress following (1) the department's denial of plaintiff's attempts to obtain unemployment compensation as funded through the CARES Act and (2) the department's asserted non-responsiveness to his subsequent submissions in support of his claim for unemployment benefits. Presently before the court is defendant's motion to dismiss. For the reasons set forth below, the motion will be granted.

It is well-settled that in reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "[t]he applicable standard of review requires the court to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). Under the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561 (2007), dismissal of a complaint pursuant to Rule 12(b)(6) is proper only where the averments of the complaint plausibly fail to raise directly or inferentially the material elements necessary to obtain relief under a viable legal theory of recovery. Id. at

544.  In other words, the allegations of the complaint must be grounded in enough of a factual basis to move the claim from the realm of mere possibility to one that shows entitlement by presenting "a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  In contrast, pleading facts that only offer "'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" nor will advancing only factual allegations that are "'merely consistent with' a defendant's liability."  Id.  Similarly, tendering only "naked assertions" that are devoid of "further factual enhancement" falls short of presenting sufficient factual content to permit an inference that what has been presented is more than a mere possibility of misconduct.  Id. at 1949-50; see also Twombly, 550 U.S. at 563 n. 8  (A complaint states a claim where its factual averments sufficiently raise a "'reasonably founded hope that the [discovery] process will reveal relevant evidence' to support the claim.") (quoting Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005) & Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 741 (1975)); accord Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) (a court need not credit "bald assertions" or "legal conclusions" in assessing a motion to dismiss) (citing with approval Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1997) ("courts, when examining 12(b)(6) motions, have rejected 'legal conclusions,' 'unsupported conclusions,' 'unwarranted inferences,' 'unwarranted deductions,' 'footless conclusions of law,' or 'sweeping legal conclusions cast in the form of factual allegations.'").

This is not to be understood as imposing a probability standard at the pleading stage. Iqbal, 556 U.S. at 678  ("'The plausibility standard is not akin to a 'probability requirement,' but it

asks for more than a sheer possibility that a defendant has acted unlawfully.'"); <u>Phillips v.</u> <u>County of Allegheny</u>, 515 F.3d 224, 235 (3d Cir. 2008) (same). Instead, "[t]he Supreme Court's <u>Twombly</u> formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest the required element ... [and provides] enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" <u>Phillips</u>, 515 F.3d at 235; <u>see</u> <u>also</u> <u>Wilkerson v. New Media</u> <u>Technology Charter School Inc.</u>, 522 F.3d 315, 321 (3d Cir. 2008) ("'The complaint must state 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'") (quoting <u>Phillips</u>, 515 F.3d at 235) (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." <u>Twombly</u>, 550 U.S. at 563.

It also is well settled that pleadings filed by *pro se* litigants are to be construed liberally. <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993); <u>Higgins v. Beyer</u>, 293 F.3d 683, 688 (3d Cir. 2002). And in such circumstances the court has an obligation to "apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name." <u>Higgins</u>, 293 F.3d at 688 (quoting <u>Holley v. Dept. of Veterans Affairs</u>, 165 F.3d 244, 247-48 (3d Cir. 1999)).

The allegations of the complaint as construed pursuant to the above standards show the backdrop that follows. Plaintiff was employed in the state of Pennsylvania for over a year with Flynn's Tire Wholesale as a delivery driver. Complaint (Doc. 1) at p.6, ¶ 2. On January 8, 2021, plaintiff did not work due to the physical inability to perform his job duties. He was fired two days later, without in-person notice. <u>Id.</u> at ¶¶ 3-4.

On January 14, 2021, plaintiff's primary care physician of over ten years determined that plaintiff was "unable to work until further notice." Plaintiff then filed for unemployment benefits on January 16, 2021. Plaintiff remained unemployed over the next couple of months

and filed the forms and information needed for unemployment benefits, but did not receive benefits.  Id. at ¶¶ 5-6.  Due to financial hardship, plaintiff then returned to work two months before his PCP cleared and released him to go back to work.  Id. at ¶ 6.  He had completed two months of physical therapy prior to returning to work and had been unable to find other acceptable employment.  Id.

Plaintiff has included with his complaint "evidence which corroborates [his] claim, including Prescriptions by his Doctor forbidding him to work and again permitting him to work again with limitations that prevent him to return to work as a driver with Flynn's."  Id. at ¶ 7. The department continuously neglected or ignored the information plaintiff submitted in support of his claim and now has reproduced into the court's record, despite plaintiff having forwarded the information to the department on three different occasions to addresses specified by the department.  Id. at ¶ 8.  Plaintiff avers that defendant's negligence and mismanagement has been brought about by "these incompetent and morally bankrupt Bureaucrats."  Id.  He prays for the recovery of funds and damages that resulted from defendant's improper denial of his claim for benefits.  Id. at addendum clause.

Defendant moves to dismiss on three grounds.  First, plaintiff's federal and state claims are barred by the Eleventh Amendment and the Sovereign Immunity enjoyed by the state. Second, even assuming this court can proceed with the claims, plaintiff's allegations are self-defeating because admittedly he was not able and available for work and actively seeking work as conditionally necessary.  Finally, defendant is not a person under 42 U.S.C. § 1983 in any event.

Plaintiff maintains that his allegations establish jurisdiction in this court in part because defendant received and administered funding for unemployment benefits under the CARES act. And his allegations demonstrate that defendant continually denied plaintiff's claim and

disavowed that it received any of the evidence plaintiff advanced in support of it, thereby setting

forth a federal claim for denial of due process.  Answer to Defendant's Motion to Dismiss" (Doc.

No. 13) at p. 1-2.

Federal suits against the state are barred by the Eleventh Amendment.[1]  Alabama v. Pugh,

438 U.S. 781, 781-82 (1978).  Eleventh Amendment immunity applies to suits against the state

regardless of the relief sought.  In re Kish, 212 B.R. 808, 814 (Bkrtcy D. N.J. 1997) ("the

'jurisdictional bar [of the Eleventh Amendment] applies regardless of the relief sought'") (citing

Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100–01 (1984)); see also Cory v.

White, 457 U.S. 85, 90 (1982) ("It would be a novel proposition indeed that the Eleventh

Amendment does not bar a suit to enjoin the state itself simply because no money judgment is

sought.").

Suits against a state agency or a state department are considered to be suits against a state

which are barred by the Eleventh Amendment.  In re Kish, 221 B.R. 118, 124-25 (Bkrtcy. D. N.J.

1998) (quoting Geis v. Board of Educ. of Parsippany–Troy Hills, Morris Cnty., 774 F.2d 575,

580 (3d Cir.1985)); accord Hafer v. Melo, 502 U.S. 21, 25 (1991); Haybarger v. Lawrence

County Adult Probation and Parole, 551 F.3d 193, 198 ("the Eleventh Amendment applies to

suits against subunits of the State") (citing Pennhurst, 465 U.S. at 100)).  And suits against state

officials for acts taken in their official capacity must be treated as suits against the state.  Hafer,

502 U.S. at 25.

Pennsylvania and its departments and agencies enjoy Eleventh Amendment immunity as

a matter of law unless it has been waived by the state or expressly and unequivocally abrogated

---

[1] The Eleventh Amendment "enacts a sovereign immunity from suit, rather than a nonwaivable
limit on the federal judiciary's subject-matter jurisdiction."  Idaho v. Coeur d'Alene Tribe of
Idaho, 521 U.S. 261, 267 (1997).

by Congress.  Congress has not expressly abrogated Pennsylvania's sovereign immunity with respect to federal civil rights lawsuits against the Commonwealth, and the Commonwealth has not waived its immunity.  To the contrary, the Commonwealth specifically has invoked and preserved its Eleventh Amendment immunity in 42 Pa. C. S. § 8521(b).  Thus, while Pennsylvania has waived sovereign immunity in certain cases brought against the Commonwealth in state court, see 42 Pa. C. S. § 8522, Section 8521(b) straightforwardly provides: "Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."  42 Pa. C. S. § 8521(b).

Plaintiff has sued the Pennsylvania Department of Labor and Industry over actions taken in conjunction with an application for unemployment compensation.  This department of the state falls squarely within the ambit of the Eleventh Amendment's immunity from civil liability. See Copozzi v. Unemployment Compensation Board of Review, 2017 WL 9605080, *6 (M.D. Pa. Nov. 29, 2017) (among other reasons, suits against the Commonwealth over unemployment compensation are barred by Eleventh Amendment immunity) (citing Kehres v. PA Unemployment Comp. Bd. of Review, 182 F. Appx. 112 (3d Cir. 2006) (Affirming dismissal of complaint brought against Pennsylvania Unemployment Compensation Board of Review based in part on Eleventh Amendment immunity.).  Consequently, plaintiff is barred from proceeding with his claim(s) in federal court.

Moreover, even assuming that plaintiff's "complaint" can and should be interpreted to set forth a claim against defendant that are not barred by the Eleventh Amendment, it equally is clear that such a claim fails for substantive reasons as well.  Plaintiff's reliance on the Due Process Clause of the Fourteenth Amendment is wide of the mark.

First, as aptly noted by defendant, plaintiff's complaint "is peppered with averments of being unable to work, being forbidden to work, and being allowed to work with physical limitations that then prevented him from returning to work in his stated occupation as a delivery driver."  Defendant's Brief in Support (Doc. No. 8) at p. 6.  Such statements call into grave doubt plaintiff's contention that he was entitled to benefits.  Id.  (Plaintiff refers to his "incapacitation" (Id., ¶ 8), which runs afoul of the fundamental eligibility requirement for UC of being "able and available" for work.  Section 303(a)(12) of the Social Security Act requires that, in any week in which the claimant is seeking benefits, the claimant "must be able to work, available to work, and actively seeking work." 42 U.S.C. § 503(a)(12) (emphasis added).  See also 43 P.S. § 801(d).").  Thus, an inference cannot be drawn that a substantive denial of due process occurred.  Cf. Eichenlaub v. Township of Indiana, 385 F.3d 274, 285 (3d Cir. 2004) (To establish a substantive violation of due process, a plaintiff must satisfy the "shocks the conscience" standard and "only the most egregious official conduct" satisfies this standard) (collecting cases).

Second, where a state provides a system of notice and opportunity to challenge the deprivation of property, it affords the process that is required by the Fourteenth Amendment.

"[A] state provides constitutionally adequate procedural due process when it provides reasonable remedies to rectify a legal error by [an entity charged with fulfilling a constitutional or congressionally imposed mandate]." DeBlasio v. Zoning Bd. of Adjustment, 53 F.3d 592, 597 (3d Cir.1995), overruled on other grounds by United Artists Theatre Circuit, Inc. v. Twp. of Warrington, 316 F.3d 392 (3d Cir.2003).  In other words, when a state "affords a full judicial mechanism with which to challenge the [] decision" in question, the state provides adequate procedural due process, whether or not the plaintiff avails him or herself of the provided appeal mechanism.  Id. (quoting Midnight Sessions, Ltd. v. City of Philadelphia, 945 F.2d 667, 682 (3d Cir.1991)).

7

Here, Pennsylvania law provided plaintiff with adequate process to challenge the denial of his application.  Upon timely appeal, he was entitled to have a referee review the decision of the department.  See 43 P. S. § 822 ("Decision of referee; further appeals and review").  He likewise could have initiated a review of a decision by a referee by appealing to the Unemployment Compensation Board of review.  See 43 P.S. § 824 ("Powers of board over claims").  And from there he could have sought review in the Commonwealth Court of Pennsylvania.  See, e.g., Hessou v. Unemployment Compensation Board of Review, 942 A.2d 194, 197 (Pa. Cmwlth. Ct. 2008) (explaining the court's standards of review on appeal from the Compensation Board of Review).  Of course, from there plaintiff could have sought review in the Supreme Court of Pennsylvania.

Plaintiff has failed to advance a showing that the decision to deny his application for unemployment benefits amounted to conduct that could be found to "shock the conscience" and support a substantive denial of due process.  He likewise has failed to advance any basis to support the notion that Pennsylvania has constitutionally inadequate procedures for review of the decisions on applications for unemployment compensation.  Consequently, he cannot proceed on his due process claim in any event and defendants are entitled to dismissal of plaintiff's complaint.[2]

For the reasons set forth above, defendant's motion to dismiss will be granted.  An

---

[2] As a general matter, a plaintiff is to be granted leave to amend a claim that has been dismissed when an amendment might be able to cure the deficiencies resulting in the dismissal.  Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008).  This principle does not apply, however, where the record indicates any attempt to do so would be futile.  Id. at 236 (citing Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002)).  Here, any attempt to pursue the theories advanced by plaintiff would be futile.

8

appropriate order will follow.

Date: September 14, 2023

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc:    James J. Durkin
       37 Orchard Spring Road
       Pittsburgh, PA 15220

       (*Sent Via First Class Mail*)

       Maria G. Macus, Esquire

       (*Via CM/ECF Electronic Mail*)